COUNTY OF OUACHITA v. WOLCOTT.

1. Warrants issued by a county in Arkansas are not negotiable paper in the sense of the law merchant.
2. Where the county court has fixed, by its order, a time for calling in the warrants for redemption, classification, or other lawful purpose, the holder, who neglects or refuses to present them, as required by the order, and the notice thereof given, conformably to the statute, has no right of action against the county to enforce the payment of them.

ERROR to the Circuit Court of the United States for the Eastern District of Arkansas.

The facts are stated in the opinion of the court.

Mr. Augustus H. Garland and Mr. F. W. Compton for the plaintiff in error.

Mr. U. M. Rose, contra.

MR. JUSTICE MILLER delivered the opinion of the court.

This action was commenced March 10, 1876, on fifty-four county warrants of Ouachita County, of the State of Arkansas, the plaintiff being a citizen of another State. The defence was that the county court of the county in conformity to the act of the Arkansas legislature of Jan. 6, 1857, made an order Jan. 4, 1876, calling in all the outstanding warrants of the county, including those sued on in this case, for the purpose of examination, cancellation, and reissue, fixing Friday the seventh day of April of that year as the limit of time for presenting them. All holders were notified to deposit them with the clerk any time prior to that date, and that on their failure to do so they would be forever barred from any claim thereon against the county. These warrants not being presented, were, four days after that date, formally declared by the county court to be barred. At the time of the original order calling them in they were the property of A. A. Tufts, a citizen of the State of Arkansas, who, some six weeks thereafter, sold them to Henry M. Cooper, also a citizen of that State, both of whom had legal and actual notice of said order.

On these facts the circuit judge was of opinion that as the plaintiff was a citizen of another State, and had brought the present suit before the time limited for bringing in the warrants under the order of the county court, they were not barred under the statute, while the district judge was of opinion that, because of the failure to comply with that order, the suit could not be maintained. Judgment was rendered April 8, 1878, in favor of the plaintiff, and the county removed the case here.

The circuit judge does not appear to have rested his judgment upon any idea that the statute of Arkansas violated the contract, and was, therefore, void. There is no foundation for such a proposition, for the statute had been the law of the State for seventeen years when the warrants were issued. They were, therefore, subject to its operation. Nor is there any objection to this defence on the ground that the warrants were negotiable paper in the mercantile sense. This proposition is carefully considered and overruled in the opinion of this court, delivered at this term, in *Wall* v. *County of Monroe, supra,* p. 74.

But the citizenship of the plaintiff and the right to sue in the Federal court seems to have been the main point on which the judgment of the circuit judge rested.

Certainly, if the purpose or effect of the statute of Arkansas was to deprive a citizen of another State of his right under the act of Congress to prosecute any legal remedy he may have in that court, it should to that extent be disregarded. And the circuit judge probably treated the Circuit Court and the county court as courts of co-ordinate jurisdiction over the same subject and the same parties, and, therefore, disregarded the final judgment of the county court barring the claim of the holder which was entered during the pendency of the suit in the Circuit Court. If this manner of looking at the jurisdiction of the two courts were the true one, the result reached by the court would not follow. For the county court, according to the course of procedure prescribed by the statute, having first commenced proceedings, of which the then holder of the warrants had due notice, and they not being negotiable as mercantile paper, that judgment was prop-

erly pleadable *puis darrein continuance* as a defence to the action.

But we do not think this is the correct mode of viewing the matter.

The statute of Arkansas, though a peculiar one, is a law which the legislature of that State had a right to make, and it is valid as to all county warrants issued after its enactment. It was designed to enable the officers who had charge of the financial affairs of the county to bring before them for review, adjustment, and renewal all the outstanding orders of the county, that they might know the amount of the debt, detect forgeries and frauds, incorporate interest which had been long standing in a new warrant with the principal, assign each warrant to payment out of its appropriate fund, and make arrangements for payment according to priority or other just claim of preference. There can be no doubt of the legislative authority to do this, and, as a means of enforcing the power thus conferred, to declare that warrants not presented after due notice shall no longer exist as debts against the county.

We see no reason to hold that such a proceeding is designed to deprive a holder of these warrants of his right of action in a court of the United States. The effect of it is the same in the State and the Federal courts. The neglect of the holder to perform the duty which the law imposed on him is a defence in either court. If he had presented his warrants, they would probably have been reissued, and this might have been a good replication to the plea; or he could have sued in the same court on his new warrants.

If, after presenting his warrants in due time, they had been illegally declared void, or rejected, the matter might have been inquired into by the court. But he had no right to disregard the law, which was a part of the contract on which they were issued, or to seek to evade it by a suit in the Circuit Court, after receiving notice that he was called on to comply with it. His right to sue in the Circuit Court is not denied or refused; but when that court comes to decide his case, the decision must be governed by the law of the State under which such

non-negotiable warrants were issued, by one of its municipal bodies.

It is ordered to be certified that the plea and the facts certified to us constitute a good defence.

*Judgment reversed.*