JOSEPH GINSBERG, *Appellant,* vs. THE CITY OF DAYTONA BEACH, a municipal corporation organized and existing under the laws of the State of Florida, BILLY B. PAGGETT, as Mayor of the City of Daytona Beach, FRANK STENGLE, JETER D. MCMILLAN, GUY A. KLOCK and CASSIE WINGATE, as Commissioners of Daytona Beach, JAMES T. NELSON, as City Manager of the City of Daytona Beach, and NEWTON T. HUDSON, as Clerk and Col-

lector of the City of Daytona Beach, and the SOUTHERN PAVING CONSTRUCTION COMPANY, *Appellees*.

137 So. 253.

En Banc.

Opinion filed October 17, 1931.

*Joseph Ginsberg*, for Appellant;

*Harry A. Horn* and *Hull, Landis, & Whitehair*, for Appellees.

TERRELL, J.—In August, 1929, the City Commission of the City of Daytona Beach entered into a contract with Southern Paving and Construction Company to make certain municipal improvements, one of which was the construction of a board walk along the ocean shore in front of said city. On completion of the contract, the city, on December 29, 1929, executed its promissory note in payment to Southern Paving and Construction Company in the sum of Seventy-five thousand, nine hundred forty-nine and thirty-four one hundredths dollars ($75,949.34,) due on or before January 1, 1931. A portion of the note was paid and the city made provision in its budget to discharge it in full in April, 1931.

At this juncture, Appellant brought his suit to restrain the city from making any further payment on said note.

A temporary restraining order was granted conditioned on making an appropriate indemnity bond. The bond was not posted as required. The temporary restraining order was accordingly dissolved and the bill of complaint dismissed. This appeal is taken from that decree.

Error is first assigned on the decree dissolving the injunctional order because of failure to post the required bond.

This court has repeatedly disapproved the practice of granting restraining orders on condition of posting the required bond at a future date, consequently no error was committed in dismissing the bill in this cause when the bond was not given as required. City of Jacksonville vs. Dorman, 13 Fla. 390, Hall vs. Horne, 52 Fla. 510, 42 So. 383, Savage vs. Parker, 53 Fla. 1002, 43 So. 507, Gillispie vs. Chaplin, 59 Fla. 500, 52 So. 722.

Error is next predicated on the validity of House Bill No. 414 Acts of 1931, Laws of Florida, seeking to validate and ratify the contract and note on which this suit is grounded together with all proceedings and acts of the city commission in connection therewith.

We have examined the city charter of the City of Daytona Beach (Chapter 10466 Special Acts of 1925) and we think Section fifteen and other provisions of that act fully warranted the city in making the improvements complained of. When power is vested in a municipality to "regulate and provide for the construction" of an improvement, it follows (there being no inhibition to the contrary) that the contract to construct and a note to pay for the improvement may be implied as a necessary incident to the power conferred. McQuillon Municipal Corporation (2nd Edition) Vol. 5, 926, C. J. 44, 1179 R. C. L. 19, 993. The city was fully authorized by Section ninety-eight of its charter to assess and collect a tax to pay for the improvement complained of.

By this disposition, it becomes unnecessary to discuss

the assignments of error predicated on the validity of House Bill No. 414, Acts of 1931, Laws of Florida as that act was superfluous and unnecessary so far as it relates to this cause.

The only remaining question necessary for us to adjudicate is whether or not the note complained of was violative of section six of article nine of the constitution as amended in 1930, the obligation thereof not having been voted on and approved by the freeholders of the city.

The note was executed and delivered December 29, 1929, almost a year prior to the adoption of section six of article nine as amended. It amounted to nothing more than the evidence of the debt and did not. occupy the status and dignity of a bond. It is not within the class of obligations covered by Section six of article nine as amended in November, 1930.

The decree of the Circuit Court is affirmed.

Affirmed.

BUFORD, C.J., AND WHITFIELD, BROWN AND DAVIS, J.J., concur.

ELLIS, J., concurs in the conclusion.