## FEDERAL RESERVE BANK v. PANAMA CITY.

### No. 8165.

Circuit Court of Appeals, Fifth Circuit.

Jan. 27, 1937.

John H. Carter, of Marianna, Fla., for appellant.

J. M. Sapp, of Panama City, Fla., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The District Judge rejected as evidence the note sued on, thus compelling the plaintiff Federal Reserve Bank to take a nonsuit. This is the only error assigned. The declaration was in two counts, one on the note given by city of Panama City for value received to the order of First National Bank of Panama City and indorsed by payee, in which count $7,250 principal and interest and attorney's fees were claimed as promised; and the other count was for money had and received by the city for the use of the First National Bank, the right to recover which had been assigned to the Federal Reserve Bank. The general issue and limitation were pleaded to the second count. As to the first count, the pleadings finally came to an issue on allegations that the note sued on was the renewal of a balance due on a note for $10,000 given for money obtained and used by the city commissioners to pay the valid outstanding debts of the city, both notes being given by the authority and direction of the city commissioners. The evidence from the city clerk and his minutes of the commissioners' meetings is meager, but tends to show that on May 13, 1929, the city was hard pressed to pay its maturing bonds and gave its note for $13,164 for borrowed money put to the credit of the city's "refunding bond account" and checked out the same day by the mayor and treasurer. Payments on this note were subsequently made, and on July 18, 1930, the city commissioners, who are the governing body under the city's charter, instructed and authorized the mayor and city clerk to renew a note for $10,000 then representing the balance of this borrowed money until paid, under which authority the note sued on was given by the mayor and clerk.

Dealing alone with the first count, we think the note ought to have been admitted in evidence. The authority of the mayor and clerk to sign for the city, although not identifying this very instrument sued on, was sufficient. The promise, however, to pay attorney's fees in addition to the debt does not appear to have been authorized, and probably the city commissioners themselves could not bind the city to pay for the services of its creditor's attorney. But as to the principal and lawful interest, the renewal note is as good as that which it renewed. The testimony is that the original note was for money borrowed to retire maturing bonds, which was put into an account appropriate to that purpose and checked out of it by the city officers. The bonds, nothing to the contrary appearing, ought to be presumed valid, and the action of the city officers in checking out the money ought to be presumed to have been regular, that is to say, it is to be presumed until the contrary appears that the money went to pay valid bonds as it should rather than that it was misappropriated. Omnia rite acta presumuntur. Thus a proper municipal use was served, and the city got the benefit of the consideration for the notes. It is true, as contended, that without complying with the constitutional and legal provisions as to issuing bonds the city has no power to make negotiable paper which will be good in the hands of a bona fide holder for value regardless of the merits of the debt. But it may make a transferable written evidence of a valid debt which will give a transferee the right to sue upon it; and the fact that it is in the form of a negotiable instrument does not annul the instrument, although it gives the holder no advantage under the law merchant. Wall v. County of Monroe, 103 U.S. 74, 26 L.Ed. 430; County of Ouachita v. Wolcott, 103 U.S. 559, 26 L.Ed. 505; Claiborne County v. Brooks, 111 U.S. 401, 412, 4 S.Ct. 489, 28 L.Ed. 470; Pacific Improvement Co. v. City of Clarksdale (C.C.A.) 74 F. 528; Watson v. City of Huron (C.C.A.) 97 F. 449. Article 9, section 6, of the Florida Constitution as amended in 1930 denies power to a municipality to issue bonds without an election, but adds: "The provisions of this law shall not apply to the refunding of bonds issued exclusively for the purpose of refunding of the bonds or the interest thereon of such counties, dis-

tricts, or municipalities." A note given for money to pay a matured bond serves the same purpose as the issuance and sale of a refunding bond, and when it results in no additional debt is within the spirit of the exception. This note ought to have been received in evidence. The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.