**PORT OF PALM BEACH DIST. v. GOETHALS et al.**

No. 9074.

Circuit Court of Appeals, Fifth Circuit.

June 23, 1939.

Egbert Beall and Jos. D. Farish, both of West Palm Beach, Fla., for appellant.

George W. Coleman and Wilbur E. Cook, both of West Palm Beach, Fla., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The executors of George W. Goethals filed a declaration in covenant against the

Port of Palm Beach District to recover a balance upon a writing dated January 7, 1928, by which the District acknowledged indebtedness to and promised to pay to George W. Goethals, or order, $15,161.84 with interest at 7% from date, concluding: "This certificate is issued as evidence of the amount due George W. Goethals on account of engineering services in connection with that certain contract between Lake Worth Inlet District and George W. Goethals bearing date March 10, A. D. 1926. Lake Worth Inlet District, By H. G. Geer, Chairman, (Corporate Seal), Attest: C. H. Ellis, Secretary." The seal purports to be the formal seal of the District. Its name was changed later to Port of Palm Beach District. The defendant demurred, but was overruled, and then pleaded general denials, and specially denied that it had covenanted under seal to pay, and alleged that the seal had been attached by persons unknown, without a resolution or any authority of the District, and that suit was barred by the five year statute of limitation; and moreover there was in fact nothing owing to Goethals, but as engineer in charge he had not performed his duties in stated ways, had really been overpaid, and had obtained this promise to pay, equal only to an account stated, on certain false and fraudulent representations. Under Rule of Civil Procedure 36, 28 U.S.C.A. following section 723c, the plaintiffs sought an admission of genuineness of the document sued on and obtained an admission that the signatures of Geer, Chairman, and Ellis, Secretary, were genuine, with a repetition of the denial "that the purported seal attached was placed there pursuant to any resolution passed by defendant, or that said corporate seal was placed thereon by any person or persons vested with authority so to do." The plaintiffs then moved for a summary judgment under Rule 56 and on three affidavits given by the three Commissioners who governed the District from 1927 until Jan. 1, 1937, each stating that because of bank failures in 1927 the work of the District had to be suspended, and that in order to adjust amicably Goethals's compensation under his contract as engineer, and to prevent future liability on it, they had agreed with him on the compensation due, and having no money had agreed to and did issue to him the certificate sued on, under the seal of the District; and that having read the answer in this case they did not know at the time

the certificate was given any reason why it should not have been given and do not now know any such reason, nor why the payments made on it since should not have been made. An affidavit from the attorney who had had the certificate for collection stated that beginning in 1928 and up till 1937 he had repeatedly appeared before the Board to collect it and the only reasons given for not paying were that they had no money, and would be criticised if they paid this certificate in full without a court judgment, since they had compromised three similar certificates given at the same time to contractors. The only counter-affidavit offered by defendant was that of the Secretary of the present Board of Commissioners who came into office Jan. 1, 1937, to the effect that the Board's minutes and papers in his hands did not show any resolution authorizing any person or persons to affix the corporate seal to the certificate given Goethals, and that he had talked with the three former Commissioners who gave affidavits and they said they did not remember the details, or much about the matter. The judge held that there was no genuine issue as to any material fact, and that though defendant had demanded a jury trial plaintiffs were entitled to judgment, which was accordingly entered. The points specified as relied on in the appeal are that the ruling on demurrer and the final judgment ought to have been otherwise because there was no authority of law to execute the instrument, no resolution authorizing the certificate or the seal on it, because the suit is barred by limitation, and because an opportunity ought to have been afforded to cross-examine the witnesses before a jury.

 Error is also specified in that fraud and overreaching by Goethals was pleaded and was an issue. There was such pleading, but the motion for judgment asserts the defense to be a sham, and the three Commissioners who then governed the District all swear that having read the pleading they know of nothing to support it. The counter-affidavit contains nothing to show there was fraud or mistake. The burden was certainly on defendant to sustain this plea. No real issue of fact as to this matter appears.

 We have no doubt the District had power to issue the paper. The Act creating it (Florida Sp.Acts of 1915, p. 173, c. 7081), Section 5, expressly authorizes

the Board to employ an engineer. By implication they are authorized to contract to pay him; and, also by implication, to give him a note for what they owe. Ginsberg v. City of Daytona Beach, 103 Fla. 168, 137 So. 253, 254. That there may have been a compromise in fixing the amount is immaterial, for compromises are favored where there is in the public body power to contract and incur the debt, and a real dispute exists as to its amount. City of Coral Gables v. State, 128 Fla. 874, 176 So. 40. A public corporation usually may not issue negotiable paper without express authority, because the operation of the law merchant may cause it to have to pay what it does not owe; but where such authority is lacking, such a paper is not void, but merely not negotiable. It is still an evidence of debt. Federal Reserve Bank v. Panama City, 5 Cir., 87 F.2d 677. Since there is no claim here of innocent holder, the question is unimportant, but Sect. 9 authorizes the borrowing on promissory note for periods not exceeding two years at one time, and on interest not exceeding seven percent.

 It was not necessary that plaintiffs plead or produce a resolution authorizing the giving of this paper or the sealing of it. The Act, Sect. 8, requires tax levies to be entered at large on the minutes, but there is no requirement that other things be so entered. According to Johnson v. Wakulla County, 28 Fla. 720, 9 So. 690, every public body ought to keep minutes, and its minutes are admissible in evidence as public records; but according to all the cases where there is no law requiring a public contract to be entered on the minutes a failure to do so will not defeat the contract. We are not sure whether there is no minute at all about this settlement with Goethals, or whether there is none which authorizes the sealing of the instrument. No minute was produced, so no issue is raised between a minute authorizing a note not under seal and the witnesses who say a sealed instrument was agreed on. Rule 56(e) requires a sworn or certified copy if a paper is relied on. There is nothing to show this note is not exactly what the Board intended.

 At one time a corporation was held to sign only by its seal. As a corollary it has been argued that a corporate seal is a mere signature and does not of itself make the instrument a specialty. But the modern doctrine is that unless charter or statute requires otherwise a corporation may transact acts of ordinary business on signature just as natural persons do. In such matters to get out the corporate seal and affix it has about the same formality and significance as when an individual uses a seal. This question was argued and decided in Florida and the holding made that a corporation's note signed by its chief officer and secretary with the corporate seal affixed was a sealed instrument although there was no resolution authorizing it, and that suit was not barred in five years, but only after twenty years. Grand Lodge K. of P. v. State Bank, 79 Fla. 471, 84 So. 528. The same thing seems to have been held as to a public corporation in Johnson v. Wakulla County, 29 Fla. 720, 9 So. 690. The presence of the corporate seal on an instrument is generally held to carry a presumption of authority to affix it, and in this case the signatures of the Chairman, and of the Secretary in whose custody the seal is, are admitted. The instrument stands prima facie as the sealed promise of the District, and against its validity no evidence has been produced.

 The contention that the right of jury trial was invaded because no cross-examination of the former Commissioners was allowed remains to be considered. Where as here one party to the transaction is dead and the other is a public corporation whose present officers know nothing, and the proof must come from former officers who have said their recollection is not complete, the right of cross-examination is important, and a jury is the proper tribunal to hear it and value the resulting evidence. Summary judgment under Rule 56 in a case at law where a jury has been demanded ought not to be given unless it is quite clear what the truth is. The Rule itself in par. (f) undertakes to care for cases presenting special circumstances. No relief under this paragraph appears to have been asked of the judge. Yet we should hesitate to affirm the summary judgment in this case if it really depended on the testimony of these three witnesses. It does not. Cross-examination, according to the counter-affidavit, might lead to their saying that they did not remember definitely about the seal, but that would not answer the case. With the admissions, the instrument itself makes a case. The burden is shifted to the de-

fense. If these witnesses can remember nothing, it would not defeat recovery. The only real use of their affidavits was to show they do not know anythng about any fraud, so as on motion for summary judgment to force defendants to bring forward what they have touching that. They have brought forward nothing. In a jury trial plaintiffs would not have to use these witnesses at all. A verdict for plaintiffs would inevitably be directed.

Judgment affirmed.