126 So.2d 305 (1961)
Mary E. EMILE, Appellant,
v.
FIRST NATIONAL BANK OF MIAMI, a national banking corporation, Appellee.
No. 60-124.
District Court of Appeal of Florida. Third District.
January 26, 1961.
*306 Bond & Bright, Hialeah, and William H. Benson, Tampa, for appellant.
Scott, McCarthy, Preston, Steel & Gilleland and Richard H.W. Maloy, Miami, for appellee.
CARROLL, CHAS., Judge.
The appellee, The First National Bank of Miami, sued the appellant to collect the defaulted amount under a conditional sales contract which the bank had purchased and which appellant had guaranteed. We will refer to the parties as they appeared in the trial court.
The defendant filed a number of affirmative defenses and a set-off. The plaintiff moved to strike them. The trial court struck some, but denied the motion as to three of the affirmative defenses and the set-off which were held to be sufficient. The plaintiff then moved for summary judgment, supporting the motion with evidentiary matter relating to its affirmative case, but without presenting any affidavit or evidence in contradiction or opposition to the remaining defenses and the set-off. The defendants filed nothing in opposition to the motion. The court granted summary judgment, and the defendant appealed. We are of the opinion that the learned trial judge erred in granting summary judgment.
To be entitled to a summary judgment, the moving party has the burden from "the pleadings, depositions and admissions on file, together with the affidavits, if any, [to] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." Rule 1.36, F.R.C.P. 30 F.S.A. See Johnson v. Studstill, Fla. 1954, 71 So.2d 251; Jones v. Stoutenburgh, Fla. 1956, 91 So.2d 299; Warring v. Winn-Dixie Stores, Fla.App. 1958, 105 So.2d 915. The plaintiff did not carry that burden by submitting evidence relating only to its case as made out in the complaint, when there were on file certain affirmative defenses and a set-off [Chereton v. Armstrong Rubber Company, Fla. 1956, 87 So.2d 579], particularly as the sufficiency of the affirmative defenses and set-off had been challenged and determined. See also, Wittlin v. Giacalone, 1946, 81 U.S. App.D.C. 20, 154 F.2d 20; 6 Moore's Federal Practice, § 56.17(4), pp. 2177-78 (2nd ed. 1953). The appellee cited and relied on MacGregor v. Hosack, Fla. 1952, 58 So.2d 513; City of Zephyrhills, Florida v. R.E. Crummer & Co., 5 Cir., 1956, 237 F.2d 338; Port of Palm Beach Dist. v. Goethals, 5 Cir., 1939, 104 F.2d 706, in which summary judgments were granted to plaintiffs who, in addition to submitting evidentiary matter in support of their complaints, included evidence in contradiction or denial of the affirmative defenses, with nothing filed by defendants in opposition thereto. The difference between those cases and the present case  and it amounts to a material distinction  is that here nothing was offered by plaintiff in support of its motion in contradiction or opposition to the affirmative defenses or set-off, whereas, in the cases cited the plaintiffs produced evidence against the affirmative defenses.
Therefore, the learned trial judge was in error in holding there was no genuine issue under the affirmative defenses and set-off and that the plaintiff was entitled to judgment as a matter of law, because the evidence which the plaintiff submitted with its motion for summary judgment was limited to the matters which were dealt *307 with by the complaint and nothing was submitted in opposition to the affirmative defenses and the set-off, and, until some evidentiary matter was presented against such defenses by the plaintiff as the moving party, the defendant was under no duty to submit affidavits or proof to establish its pleaded affirmative defenses or set-off.
Reversed.
HORTON, C.J., and PEARSON, J., concur.