BARKDULL, Judge.
This cause has been before this court previously. See: Emile v. First National Bank of Miami, Fla.App.1961, 126 So.2d 305. It is now before the court seeking review of a summary final judgment.
This cause of action arises out of an agreement of guaranty, given by the appellant and her husband to the appellee, to induce the appellee to continue a “line of credit” to a corporation wherein both the appellant and her husband were officers and stockholders. Pursuant to the terms of the financing arrangement between the bank and the corporation, a reserve fund was created to further indemnify the bank upon its purchasing certain conditional sales contracts issued by the corporation. It appears that the bank has deducted, from the reserve fund, the balance allegedly due on an obligation which was owed by the appellant and her husband in their individual capacities upon a certain promissory note in the original principal sum of $3,150.00. This cause of action was brought on the guaranty to collect the difference between the unsatisfied amount on the conditional sales contracts and the costs and expenses in collecting said accounts, and the amounts paid on such accounts which resulted in a summary final judgment in favor of the bank.
There does not appear to be any material issue in dispute and therefore, upon the record, the trial judge was correct in entering a summary final judgment. However, it appears that the trial judge was in error in the application of the law in one particular as applied to the facts. The original suit having been brought by the bank upon the guaranty agreement to collect the sum remaining due under the original financial agreements with the corporation, it was error for the bank to be permitted to charge against the reserve [created for the benefit of the corporation] the personal obligation of the appellant and her husband, the effect of which was to increase the amount that the appellant was required to pay as a result of her agreement of guaranty. All other contentions raised by the appellant have been examined and found to be without merit.
Therefore, the final judgment appealed from is affirmed, with directions to eliminate therefrom any sums charged against the reserve account which were allegedly due as a balance on the $3,150.00 note. The individual obligation was not a part of the financing arrangement between the bank and the corporation, and was not an obliga *74 tion assumed under the specific agreement of guaranty sued upon.
This opinion is not to be construed as adjudicating any liability which may exist under said note. This opinion merely holds that the obligation of the appellant, under the agreement of guaranty sued upon, did not extend to that created by the note. It does not affect any liability which may exist under the note itself.
Affirmed with directions.