OWEN, Judge.
A summary final judgment was entered in a replevin action, by virtue of which appellee was adjudged to be entitled to possession of a certain motor vehicle and to recover of and from the appellants and the surety on the forthcoming bond the value thereof. On the basis of the record as it existed at the time of the entry of the summary final judgment, it appears that appellee as the moving party has not met the Holl[1] standards and accordingly we hold that the trial court was in error in entering the summary final judgment.
Appellee alleged and established by affidavit the following facts: On April 19, 1965, one John C. Sullivan, a resident of Suffolk County, New York, purchased the motor vehicle in question from a dealer executing a conditional sales contract as security for the unpaid purchase price. The dealer assigned the contract to appellee who thereupon recorded the same on April 30, 1965, in Suffolk County, New York. Shortly thereafter Sullivan defaulted by failing to make payments on the installment contract and then disposed of the motor vehicle without the knowledge or consent of appellee. Appellants filed an answer to the complaint denying the material allegations thereof, and asserting an affirmative defense to the effect that they had purchased the vehicle on November 11, 1965, from a dealer in Florida for valuable consideration, without knowledge of any liens or encumbrances against said motor vehicle and on the assurances from the dealer that there were none; furthermore, that on the motor vehicle’s certificate of title there were no liens shown and the Motor Vehicle Commissioner of the State of Florida had no knowledge of any purported lien in favor of appellee; that by virtue thereof appellants were bona fide purchasers for value without notice of ap-pellee’s alleged lien and the same was unenforceable because not filed in the office of the Motor Vehicle Commissioner of the State of Florida as required by law. At the time the cause came on for hearing upon appellee’s motion for summary final judgment, appellants did not file any type of affidavit nor present for the record a copy of their title certificate or any other evidence, and the summary final judgment entered by the court recites this failure as well as the failure to suggest the need for further time within which to develop any justiciable issue.
In the case of City of Cars, Inc. v. General Motors Acceptance Corporation,[2] the scholarly and comprehensive opinion by Judge Wigginton analyzes many of the earlier Florida cases on the subject of the enforcement of motor vehicle liens [duly recorded in a foreign state] against an innocent purchaser of the motor vehicle in Florida, and summarizes the law of our state on this subject in the following language :
“ * * * ^ appears without question that whether the holder of a motor vehicle lien duly recorded in a foreign state will be permitted to enforce that lien under the rule of comity against an innocent purchaser of the vehicle in Florida is conditioned upon whether the Florida purchaser first made a proper and reasonable inquiry in the state of prior *467 registration of the vehicle, which inquiry-failed to disclose the existence of any prior claims or encumbrances. If such inquiry is not made, then the foreign lien is enforceable in Florida under the rule of comity, even against the interest of an innocent purchaser for value and without notice. If such inquiry is made and fails to disclose the existence of the encumbrance or claim sought to be enforced, then the innocent purchaser will be protected and enforcement denied.”
In the case at bar the appellants, in answer to the complaint, asserted as an affirmative defense that they were bona fide purchasers for value without notice. Although appellants, at the time of hearing on motion for summary judgment, did absolutely nothing to prove this allegation, the existence of such affirmative defense placed the burden on appellee as the moving party to affirmatively contradict such,[3] and under the Holl rule to affirmatively prove the nonexistence of genuine triable issues.[4]
The record is devoid of any evidence as to whether appellants made any inquiry to determine the existence or nonexistence of liens or encumbrances upon the motor vehicle; or if such inquiry was made, the nature and extent thereof, and whether the same was proper and reasonable under the circumstances; or whether a reasonable and proper inquiry when made would have led ultimately to a discovery of the existence of appellee’s retail installment contract [which was apparently duly and properly recorded in Suffolk County, New York].
We do not hold that these are necessarily the only factual issues involved but mention them by way of illustration. We do hold that appellee having failed to show the nonexistence of material factual issues, the summary judgment is reversed and the cause remanded for further proceedings.
WALDEN, C. ]., and GOODING, MARION W., Associate Judge, concur.

. Holl v. Talcott, Fla.1966, 191 So.2d 40.

. City of Cars, Inc. v. General Motors Acceptance Corporation, Fla.App.1965, 175 So.2d 63.

. Emile v. First National Bank of Miami, Fla.App.1961, 126 So.2d 305; Underwriters Insurance Company v. Sisung, Fla.App.1965, 174 So.2d 461; Cf. Biro v. Geiser, Fla.1967, 199 So.2d 461.

. Note 1, supra.