741 So.2d 582 (1999)
W&J CONSTRUCTION CORPORATION, et al., Appellants,
v.
FANNING/HOWEY ASSOCIATES, etc., et al., Appellees.
No. 98-3296.
District Court of Appeal of Florida, Fifth District.
August 27, 1999.
Donald E. Karraker of DeRenzo and Karraker, P.A., Altamonte Springs, for Appellant.
*583 Harold T. Bistline and Patricia K. Olney, Cocoa, for Appellee The School Board of Brevard County.
No Appearance for Appellee Fanning/Howey Associates of Florida, etc.
W. SHARP, J.
W&J Construction Corporation (W&J) for the use and benefit of Britt's Air Conditioning, Inc., appeals from a final summary judgment rendered against it in a contract dispute with Fanning/Howey Associates of Florida, Inc. and the School Board of Brevard County, appellees. Because we think the record contains material fact issues not conclusively determined in favor of appellees, we reverse and remand for further proceedings. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
The record below, read in a manner most favorable to W&J as the party against whom a summary judgment was being sought,[1] shows that the School Board entered into a contract with Fanning, an architectural firm, for design consultant services in connection with the design and construction of a new middle school in Port St. John. Fanning entered into a contract with G.R.G. Vanderweil Engineers, Inc. to design the fire protection system to be installed in the school. On February 22, 1994, W&J was awarded the contract to build the school, as the general contractor. W&J subcontracted with Britt's to design, furnish, and install the fire protection system for the school.
After embarking on its duties under the contract, W&J disagreed with Fanning as to the scope of the fire protection system,[2] which was required by the contract documents. W&J took the position that Fanning's interpretation of the contract required it to install an upgraded system, which in essence constituted new and additional changes to the original contract.[3] Under the terms of the contract with the School Board, W&J could not suspend performance of the project.[4]
At a project meeting on October 26, 1994, Fanning and Vanderweil instructed W&J to install the antifreeze system pursuant to their interpretation of the Contract. W&J responded it would do so, but under protest. In November 1994, Fanning determined that W&J had to install the "upgraded" system as part of the contract *584 and W&J was not entitled to a change order.
Other evidence in the record discloses that Fanning and Vanderweil continued to issue written engineering information and directives relating to the fire protection system from October 26, 1994 through July 1995. Field reports were transmitted with instructions to comply with their directives. The School Board failed to issue a formal change order on this matter and took the position the upgraded system was within the scope of the original contract and specifications.
Appellants sent a request for an equitable adjustment to appellees on October 5, 1995, which relates to this dispute. On March 12, 1996, appellants filed this law suit. W&J substantially completed the contract and on July 23, 1996, submitted its Contractor's Affidavit of Payment of Debts and Claims. Fanning certified partial payment release to W&J of $122,129, withholding $61,980. On September 23, 1996, Fanning notified the School Board the project was complete and recommended acceptance.
Appellants are seeking to recover damages for having been required to design, install and furnish the disputed additional work on the fire protection system based on the theory that the School Board breached its contract with them by failing to issue a formal written change order as called for by the contract provisions, which would have permitted them to recover compensation for the additional work being required.
The trial court granted summary judgment to appellees based on County of Brevard v. Miorelli Engineering, Inc., 703 So.2d 1049 (Fla.1997). We do not think that case is determinative of this one. In Miorelli, Brevard County contracted with Miorelli to design and build a spring training facility for the Florida Marlins. A dispute arose between the parties. Brevard terminated its contract with Miorelli and withheld monies due it under the contract. Miorelli sued for breach of contract and for damages for extra work it had performed outside the contract. Brevard argued that suit for the later work was barred by sovereign immunity. The court ruled that under section 768.28, the legislature authorized state entities to enter into contracts and waived sovereign immunity as to express contracts. It concluded that if disputed work is not expressly part of the original contract or a change order, and it is not an implied part of the contract, sovereign immunity bars recovery for the disputed work because it is "outside" the contract.
In this case, the essence of this dispute is whether the original contract specifications and engineering requirements encompassed the work W&J claims was above and beyond that originally required by the contract. If it did, then W&J is entitled to no additional compensation. If it did not, because the appellees required W&J to do the work yet failed to issue a change order as it should have done pursuant to the contract, W&J may be entitled to compensation. In either event, the work involved here is not properly characterized as extra work performed "outside" of the contract. On the current record, this issue remains in dispute and summary judgment is premature.
Appellees point out that this suit may also be time-barred by various provisions of the contract. For example, Article 12, paragraph 12.4.3 provides that "claims by the contractor are not permitted if asserted after final payment under this Contract." However, the record is not conclusive one way or the other as to whether or not a timely claim was made. This is in the nature of a defense to this suit, which the appellees have the burden of establishing conclusively in their favor in order to sustain the summary judgment. Brinkley v. Freedom Nat. Bank of N.Y., 210 So.2d 465, 467 (Fla. 4th DCA 1968); Underwriters Ins. Co. v. Sisung, 174 So.2d 461 (Fla. 3d DCA 1965); Emile v. First Nat. Bank of Miami, 126 So.2d 305 (Fla. *585 3d DCA 1961). They did not do so at this juncture.
REVERSED AND REMANDED.
GOSHORN and GRIFFIN, JJ., concur.
NOTES
[1] Greene v. Kolpac Builders, Inc., 549 So.2d 1150, 1151 (Fla. 3d DCA 1989).
[2] The complaint lists the following: an antifreeze system ($80,156.95); installation of seven post indicator valves ($6,342.51); installation of Weld-o-Lets on piping ($19,306.90); and installation of fire protection fittings ($10,187.57); together with $7,056.00 for overhead and profit, and $1,225.00 for a bond fee.
[3] If disputed work is not expressly or impliedly part of the original contract or change orders, sovereign immunity bars recovery because it is outside the contract. County of Brevard v. Miorelli Engineering, Inc., 703 So.2d 1049 (Fla.1997).
[4] Article 12.3.3 of the General Conditions of the Contract for Construction provides:

If the parties are unable to agree to the reasonable cost and time to perform the Change, or are unable to agree as to whether a change occurred, the Owner shall make a unilateral determination as described in Article 12.2.3 The Contractor shall proceed pursuant to the provisions of that Article.
Article 12.2.3 of the General Conditions of the Contract for Construction, provides in relevant part:
In the event that the parties are unable to agree as to the reasonable cost and time to perform the Change in or addition to the Work ... A Change order shall be issued for the amounts of cost and time determined by the Owner and shall become binding upon the Contractor unless the Contractor submits its protest in writing to the Owner within thirty (30) days of the issuance of the Change Order. Owner has the right to direct in writing the Contractor to perform the Change in the Work, which is the subject of such Change Order. Failure of the parties to reach agreement regarding the cost and time of the performing the Change in the Work and/or any pending protest, shall not relieve the Contractor from performing the Change in the work promptly and expeditiously.