765 So.2d 844 (2000)
C.O.B.A.D. CONSTRUCTION CORP., a Florida corporation, Appellant,
v.
The SCHOOL BOARD OF BROWARD COUNTY, a political subdivision of the State of Florida; EFCOM Contractors, Inc., a Florida corporation, and General Accident Insurance Company of America, a corporation, Appellees.
No. 4D99-1911.
District Court of Appeal of Florida, Fourth District.
August 16, 2000.
*845 David J. Valdini and Sharon F. Kung of Valdini & Palmer, P.A., Fort Lauderdale, for appellant.
Steven B. Lesser, Marvin P. Pastel, II, and Tracy A. Duany of Becker & Poliakoff, P.A., Fort Lauderdale, for Appellee-The Broward County School Board.

ON MOTION FOR CLARIFICATION
STONE, J.
We grant Appellee-School Board's motion for clarification, withdraw our opinion dated June 21, 2000, and substitute the following:
We reverse, in part, a summary judgment entered in favor of Broward County School Board on COBAD's claims for extras on a construction contract. The trial court held that the claims were barred by the doctrine of sovereign immunity.
The parties had a written contract for the construction of school facilities. During construction, COBAD submitted requests for change orders. The school board granted the requests and executed change orders for the extra work. COBAD signed and returned the change orders to the project consultant, along with a cover letter that expressly stated that it disputed the price which the school board indicated was to be paid for the extra work and reserved its right to seek the claimed additional compensation. Thereafter, the school board forwarded change order 8, which encompassed change orders 18, 27, 28, and 29, to COBAD for execution. COBAD executed change order 8 and submitted a letter to the project consultant, again indicating that it disputed the price offered for the extra work and reserved its right to seek additional compensation. The school board approved change order 8, but did not specifically agree to preserve COBAD's right to assert a future claim for extra compensation. COBAD subsequently performed the extra work.
A subcontractor filed suit against COBAD and COBAD filed a third party complaint against the school board for money owed to it and its subcontractor for work performed on the project, including a claim for breach of contract. Paragraphs 7(a) and 7(b) of the complaint sought additional compensation for the work contemplated by change orders 18 and 29. Paragraph 7(c) sought additional compensation for extra work for which no change order was executed.
The school board moved for partial summary judgment on COBAD's claims under paragraphs 7(a), 7(b), and 7(c), based on the doctrine of sovereign immunity. The trial court granted the school board's motion on the authority of County of Brevard v. Miorelli Engineering, Inc., 703 So.2d 1049 (Fla.1997), stating:
COBAD's claims for extra compensation are barred by the doctrine of sovereign immunity based upon County of Brevard v. Miorelli Engineering, Inc., 703 So.2d 1049 (Fla.1997). The Miorelli decision bars a contractor from seeking additional compensation from a state entity unless the extra work is memorialized in a written, executed change order. A change order is a contract and must include changes in both compensation and scope of work agreed to by the sovereign. Additionally, neither the doctrine of waiver nor estoppel can be used to defeat the express terms of the Contract. Id. at 1051. Therefore, COBAD could not unilaterally reserve its right to assert a future claim for extra compensation for the work set forth in the Contract or Change Orders.
With respect to paragraph 7(c) of the second amended third party complaint, Miorelli is directly on point. It is undisputed that paragraph 7(c) sought additional compensation for extra work that was not included in the original contract or any *846 subsequent written change order. As such, the doctrine of sovereign immunity precludes recovery of the cost of this extra work.
With respect to paragraphs 7(a) and 7(b), in which COBAD seeks additional compensation for extra work that was the subject of various change orders, we deem Miorelli distinguishable. As to these paragraphs, the issue does not concern whether COBAD failed to obtain a written change order, but rather the price the school board is obligated to pay COBAD to perform authorized extra work.
In W & J Construction Corporation v. Fanning/Howey Associates, 741 So.2d 582 (Fla. 5th DCA 1999), the School Board of Brevard County contracted with the appellants to design, furnish, and install a fire protection system. The architectural firm instructed the appellants to install an upgraded system, which constituted a change to the contract. The school board failed to issue a change order and took the position that the upgraded system was within the scope of the original contract. Under the terms of the contract, the appellants could not suspend performance; thus, they installed the upgraded system under protest. The trial court granted summary judgment against the appellants based on Miorelli. The Fifth District reversed, finding a genuine issue of material fact as to whether the appellants were required to furnish the upgraded system notwithstanding the board's failure to issue a change order.
Here, the school board actually issued a change order for the additional work, thereby acknowledging that the required work was not within the scope of the original contract. As in W & J., COBAD could perform the work under protest and later bring suit to recover damages for having been required to perform the extra work for an inadequate price. As such, a genuine issue of material fact exists as to whether the price specified in the change order was reasonable. See also Ajax Paving Indus., Inc. v. Charlotte County, 752 So.2d 143 (Fla. 2d DCA 2000) (distinguishing Miorelli where contractor sought damages for work and materials clearly addressed in the original agreement between the parties).
We can discern no basis for considering the school board's obligations arising under executed change orders any differently than those arising under any other disputed provision of the parties' contract. We, therefore, reverse the order granting summary judgment as to paragraphs 7(a) and 7(b) and remand for further proceedings.
DELL and STEVENSON, JJ., concur.