Dear Mr. Meadows:
On behalf of the Florida Keys Mosquito Control District, you have asked for my opinion on substantially the following question:
Is the Florida Keys Mosquito Control District authorized to reduce or compromise a lien held by the district?
According to information you have provided to this office, the Florida Keys Mosquito Control District currently holds a lien against an employee of the district. The board of the district is considering accepting a lesser amount than is owed in order to resolve the issue of payment of the lien. On behalf of the board you have asked whether the district possesses the authority to compromise or reduce the amount owed in satisfaction of the lien.
The Monroe County Mosquito Control District was renamed the Florida Keys Mosquito Control District and the special acts relating to the district were codified, amended, reenacted, and, in some cases repealed, in Chapter 2002-346, Laws of Florida.[1] The district is governed by a five-member board of commissioners who hold office for a four-year term.[2]
Among the powers extended by the Legislature to the district's board of commissioners in the special act are the power "to sue and be sued as a corporation" and the power "to contract[.]"[3] Chapter 388, Florida Statutes, relating to mosquito control, provides similar powers and duties for mosquito control districts. Section 388.161(2), Florida Statutes, provides that the board of commissioners of a mosquito control district shall have the power "to sue and be sued as a corporation" and "to contract[.]"
Mosquito control districts, as statutorily created entities, may only exercise those powers that have been expressly granted by statute or that must necessarily be exercised in order to carry out an express power. Any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise thereof.[4] The implied powers accorded administrative agencies must be indispensable to powers expressly granted, that is, those powers that are necessary or fairly or reasonably implied as an incident to those powers.[5]
Thus, the powers of the mosquito control district are measured by the terms of the act under which it is organized and the district can exercise no authority that has not clearly been granted to it by the Legislature or that is not necessarily implied from the powers conferred. While an express power duly conferred may include the implied authority to use the means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred.[6]
As the Florida Supreme Court recognized in Abramson v. FloridaPsychological Association,[7] "[t]he power of a public body to settle litigation is incident to and implied from the power to sue and be sued." Further, compromises are favored where the public body has the power to contract and incur the debt, and a genuine dispute exists as to the amount of the debt; that is, the right to compromise arises from the right to contract.[8]
Section 111.071, Florida Statutes, authorizes certain political subdivisions of the state, which would appear to include mosquito control districts,[9] to expend available funds to pay "[a]ny compromise or settlement of any claim or litigation as described in paragraph (a), subject to the limitations set forth in that paragraph." Subsection (1)(a) states that a political subdivision may expend funds to pay:
 "Any final judgment, including damages, costs, and attorney's fees, arising from a complaint for damages or injury suffered as a result of any act or omission of action of any officer, employee, or agent in a civil or civil rights lawsuit described in s. 111.07. If the civil action arises under s. 768.28 as a tort claim, the limitations and provisions of s. 768.28
governing payment shall apply. If the action is a civil rights action arising under 42 U.S.C. s. 1983, or similar federal statutes, payments for the full amount of the judgment may be made unless the officer, employee, or agent has been determined in the final judgment to have caused the harm intentionally."
Thus, the Florida Keys Mosquito Control District may be statutorily authorized to compromise or settle a claim or litigation as set forth in section 111.071, Florida Statutes.[10]
Accordingly, in light of the powers granted to the Florida Keys Mosquito Control District pursuant to section 111.071, Florida Statutes, Chapter 388, Florida Statutes, and Chapter 2002-346, Laws of Florida, it is my opinion that the district is authorized to reduce or compromise a lien for moneys owed to the district.
Sincerely,
 Charlie Crist Attorney General
CC/tgh
[1] And see s. 24, Ch. 97-255, Laws of Fla., requiring the codification by each district of all special acts relating to special districts into a single act for reenactment by the Legislature.
[2] Section 3(1) and (2), Ch. 2002-346, Laws of Fla.
[3] Section 5, Ch. 2002-346, Laws of Fla.
[4] See Halifax Drainage District of Volusia County v. State,185 So. 123, 129 (Fla. 1938); State ex rel. Greenberg v. Florida StateBoard of Dentistry, 297 So. 2d 628 (Fla. 1st DCA 1974), cert. dismissed,300 So. 2d 900 (Fla. 1974); City of Cape Coral v. GAC Utilities, Inc., ofFlorida, 281 So. 2d 493 (Fla. 1973). And see e.g., Ops. Att'y Gen. Fla. 02-30 (2002) and 04-48 (2004).
[5] See, e.g., Gardinier, Inc., v. Florida Department of PollutionControl, 300 So. 2d 75, 76 (Fla. 1st DCA 1974); Williams v. Florida RealEstate Commission, 232 So. 2d 239, 240 (Fla. 4th DCA 1970).
[6] Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1936); Ops. Att'y Gen. Fla. 04-48 (2004), 78-101 (1978), 78-94 (1978), and 75-299 (1975).
[7] 634 So.2d 610 (Fla. 1994).
[8] See Port of Palm Beach District v. Goethals, 104 F.2d 706 (U.S. Dist.Ct.App. 5th Cir. 1939); see generally, 10 Fla. Jur. 2d Compromise,Accord, and Release s. 20.
[9] See s. 1.01(8), Fla. Stat., defining the words "political subdivision" to mean "counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state."
[10] Cf., Op. Att'y Gen. Fla. 91-51 (1991) (Manatee County authorized to pay settlements of claims against tax collector which come within scope of s. 111.071(1)(a), Fla. Stat.).