# Third District Court of Appeal

## State of Florida

Opinion filed March 18, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2925
Lower Tribunal No. 1417827
_____

**Jesus Antonio Salas, et al.,**
Appellants,

vs.

**Katherine Alexander,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Mase Lara and Richard D. Lara and Cameron W. Eubanks, for appellants.

Richard C. Wolfe; Mintz Truppman and Mark Mintz, for appellee.

Before SUAREZ, SALTER, and EMAS, JJ.

PER CURIAM.

Upon further consideration, this appeal is dismissed without prejudice. Because appellee has never posted the bond set by the trial court, there is no

injunction in effect and no case or controversy for us to decide. <u>Williamson v. Geneva, Inc.</u>, 550 So. 2d 8, 11 (Fla. 2d DCA 1989).

Although we dismiss this appeal, we note separately that the order granting the temporary injunction and setting bond contained no timeframe within which appellee was required to post the bond. Absent such a provision, appellee was given unilateral authority to determine whether and when the temporary injunction would take effect. This omission presented appellants with a Hobson's choice:

1. File a notice of appeal within thirty days (which they did), even though appellee had not posted a bond, thereby risking a dismissal of the appeal as unripe (which we have done);

2. Do not file a notice of appeal until appellee posts a bond (which, given the absence of a timeframe, could be posted more than 30 days after rendition of the order), thereby risking a dismissal of the appeal for failing to file a notice of appeal within 30 days of rendition.

This example serves to underscore the infirmity of a temporary injunction order which sets a bond but does not provide a timeframe[1] within which the bond must be posted, and cannot be reconciled with case law holding that the failure to post a bond requires the dissolution of a temporary injunction order. <u>See e.g.</u>,

---

[1] Historically, the Florida Supreme Court required the contemporaneous posting of a bond, and "repeatedly disapproved" the practice of granting temporary injunctions conditioned on the posting of a bond at a future date. <u>See e.g.</u>, <u>Ginsberg v. City of Daytona Beach</u>, 103 Fla. 168, 170 (1931) and cases cited therein.

Hutchinson v. Kimzay of Florida, Inc., 637 So. 2d 942 (Fla. 5th DCA 1994); Petriccione v. Ocean Landings Condo. Ass'n, 615 So. 2d 215 (Fla. 4th DCA 1993). By giving the movant the unfettered right to determine when the injunction will take effect, the order effectively precludes the non-movant from seeking dissolution of the order for failure to post the bond. After all, how can the non-movant seek to dissolve a temporary injunction order for failure to post a bond when the order contains no date by which the bond must be posted?

In light of this, we recommend that the Civil Procedure Rules Committee of the Florida Bar consider proposing an amendment to Florida Rule of Civil Procedure 1.610 to require a trial court to include, in its order granting a temporary injunction, a timeframe within which the bond must be posted.

Appeal dismissed.