GERALD. R. HART, individually and as one of the Executors of the Estate of T. S. Hart, Deceased, v. K. J. KAPNIAS.

27 So. (2nd) 145

August 2, 1946

June Term, 1946

Special Division A

*James H. Bunch* for petitioner.

*Kitchen & Schwartz* for respondent.

TERRELL, J.:

K. J. Kapnias filed his bill of complaint in the circuit court, alleging that he was the owner of certain lands described therein located at Jacksonville Beach; that defendant Gerald R. Hart, individually and as executor of the Estate of T. S. Hart, had unlawfully trespassed upon and taken possession of said lands and had dispossed the plaintiff of them. The bill prayed for temporary and permanent injunction.

The defendant answered the bill of complaint and denied its material allegations, alleged that he owned and was in possession of said lands, and demanded a trial by jury of his right of title. On final hearing, the trial court granted a temporary injunction without bond and transferred the cause to the law side of the docket to prepare issues in ejectment to be tried by jury. This appeal is by certiorari under rule 34 of the rules of this court from that decree. An appeal was also taken, but we do not consider it material.

The gist of appellant's contention is that the bill of complaint should be dismissed because appellant had an adequate remedy at law. It is also urged that the chancellor committed error in granting the injunction without bond.

Appellee assents to granting certiorari but insists that the trial court should be affirmed as to that part of his decree granting injunction without bond but reversed as to that part transferring the cause to the law side of the docket.

On the face of the record, the questions raised might have been adjudicated under the doctrine of Board of Public Instruction v. Boehm, 138 Fla. 548, 189 So. 663, on the theory that an agreed boundary was the question at issue. It was a matter, however, in the discretion of the chancellor, and, since he found that a dispute as to title was at issue, we must decline to reverse him.

We fail to find error in the discretionary part of the order which transferred the cause to the law side of the Court for the trial of title in an ejectment proceeding. As to the issuance of a restraining order without bond, it is our view that

the respondent here, pursuant to an appropriate order to be entered by the Chancellor below, should be required to give a good and sufficient bond in such an amount and according to such terms or conditions as will fully indemnify the petitioner here (defendant below) for all costs and damages which he may sustain in the event respondent does not finally prevail. The order fixing the terms and conditions of the bond shall be made and entered by the Chancellor below pursuant to notice duly given to counsel of record for the parties.

In the event the respondent fails or otherwise omits to give such bond in accordance with the terms and provisions of the order as shall be entered by the Chancellor below, then and in that event, the restraining order previously entered and challenged here shall immediately stand dissolved. The petition for certiorari is therefore granted in part and denied in part.

CHAPMAN, C. J., BUFORD and SEBRING, JJ., concur.