KANNER, Chief Judge.
An action for specific performance was brought by appellee, the purchaser, under a land contract, against appellants, the vendors, as the result of differences between the parties relating to the marketability and insurability of the title. The chancellor decreed performance and the vendors, appellants here, are questioning this decree of the trial court.
The position taken by the purchaser was that the abstract of title delivered showed an unmarketable title to the lands and that the vendors thereafter offered a title insurance policy to the lands, but that the policy excluded “filled in” lands which constituted about three-fourths of the lands, contracted for sale. The purchaser contended that the vendors had not performed the obligations of their contract.
*697 By their answer the vendors admitted the execution of the contract and admitted that the opinion of the purchaser’s counsel was that the abstract did not show a marketable title and, further, that the title insurance policy excluded from its protection filled in portions of the land. They contended that they were unable to secure another title policy covering the filled in portions of the land and denied that they were under a duty to proceed further with respect to the title, inasmuch as they had tendered a title policy except for the filled in portion of the property which they say was marketable. They further contended that the purchaser had failed to establish that the title was not marketable. Admission of the execution of the contract was also established at the pre-trial conference.
The agreement contained the following provisions:
“It is agreed that this transaction shall be closed and the purchaser shall pay the balance of the purchase monies and execute all papers necessary to be executed by him for the completion of his purchase within sixty days from delivery or tender to him of an abstract of the said property; otherwise the sum this day paid shall be retained by the seller or agent as liquidated and agreed damages, and the parties hereto shall be relieved from all obligations under this instrument.
“The seller is to furnish an abstract showing his title to be good and marketable and or insurable, but in the event that the title shall not be found .good and marketable, the seller agrees to use reasonable diligence to make the said title good and marketable, and shall have a reasonable time to do so, and if after reasonable diligence on his part said title shall not be made good and marketable within a reasonable time, the seller shall return the money this ■day paid and all moneys that may have been paid to him under this contract, and thereupon he shall be released from all obligations hereunder. Or, upon request of the purchaser, he shall deliver the title in its existing condition.”
Without demanding curtailment of the purchase price, the purchaser announced at the trial that he would accept title to the property in its existing state; since before the trial he had acquired instruments which he said obviated the objections made by him. The chancellor’s decree was bottomed on the contract provision “that upon request of the purchaser he (the vendors) shall deliver the title in its existing condition.”
 It is clear that under the principle applied by the chancellor the specific performance decree was warranted. In equity a contract for the sale of lands will be enforced when it is apparent that the vendor is able to perform in a manner acceptable to the purchaser, where abatement of price is not demanded by the purchaser, although such performance may fail to be strictly full and complete as to the quality of title to be conveyed. Triplett v. Brevard Properties, 1927, 94 Fla. 869, 115 So. 534.
Attached to the agreement was a rider containing terms and conditions of the sale, among which the following appear:
“The purchaser shall pay for the premises that are being conveyed by the seller the sum of One Hundred Fifty Thousand Dollars ($150,000.00) payable as follows:
“(a) $15,750.00 on the date of this contract as earnest money and in part payment of the purchase price. The purchaser had deposited this date said sum of $15,750.00 in escrow with John E. Porte, as escrow agent, who shall hold the same as escrow agent and in escrow pursuant to the terms and conditions of this contract.
“(b) $43,500.00 in cash upon the closing of which the deposit of $15,750.00 above stated shall be part thereof.
“(c) At the closing the purchaser or his nominee shall execute and deliver *698 to the seller his promissory note for the balance of the purchase price and a purchase money mortgage securing the payment of said promissory note and covering the property to be conveyed.
“(d) In connection with the purchase money mortgage to be executed and delivered by the purchaser to the seller the parties agree as follows:
jfc # i|i ‡ % ♦
“(2) The principal obligation of the said purchase money mortgage shall bear interest at the rate of five per cent (5%) per annum payable semi-annually.”
Thus there is the contract provision for a cash payment by the purchaser upon closing, with credit being given for a sum previously deposited by him, and a provision that appellee should execute and deliver to the sellers a promissory note for the balance of the purchase price plus a purchase money mortgage to secure its payment and to cover the property to be conveyed. The court required as a condition of the specific performance decree that interest be paid from March 25, 1957, the date of the filing of the specific performance suit, to April 21, 1958, the date of entry of the final decree. This interest allowance applied both to the balance of the down payment required at closing and to interest payments held by the chancellor to have accrued under terms of the purchase money mortgage required under the contract to be given on the balance of the purchase price at the time of closing. The appellee protests this requirement of the decree, for which he has cross-assigned error.
The court must agree with the position of appellee on this phase. There had been no closing of the transaction, nor had the appellee been accorded possession of the subject property, but instead he had to bring suit for specific performance. The contract provision was that the purchase money mortgage under its primary obligation should bear interest at five per cent per annum, payable semi-annually. As may be observed, the sole condition of the contract requiring interest is the provision for interest in the instruments representing the mortgage indebtedness to be executed and delivered to the sellers at the closing of the transaction, which closing never transpired. The appellants-vendors opposed the relief sought, and it was, in effect, the court’s decree which compelled the closing of the transaction. We are constrained to the view that the court erred in this portion of his decree, and we hold that the interest allowance from the date of the institution of the suit to the date of the decree should be set aside. See Palm Beach Estates v. Croker, 1932, 106. Fla. 617, 143 So. 792.
The cause is therefore remanded to the lower court for proceedings in conformity with this opinion.
Affirmed in part and reversed in part.
ALLEN and SHANNON, JJ., concur.