PER CURIAM.
In a suit in the circuit court in Dade County, seeking certain relief in equity under a lease contract, the chancellor denied equitable relief but retained jurisdiction to determine and award damages and his order transferred the cause to the law side of the court for that purpose.
Being uncertain as to the finality of the order, the plaintiff filed the two above styled appeals, in case No. 60-126 treating the order as interlocutory, a'nd in No. 60-127 as being final.
The case is before us on a motion filed under rule 5.10, Florida Appellant Rules, 31 F.S.A. to review a subsequent order of the chancellor denying supersedeas. After hearing argument we granted the motion of the plaintiff-appellant for supersedeas, as will be evidenced by a separate order which also fixes the amount and conditions of the supersedeas bond.
It becomes necessary to determine in which of the two above styled appeals the order for supersedeas herein shall be granted. The chancellor’s denial of the relief sought in equity did not complete the judicial labor in the trial court when jurisdiction was reserved to determine and award damages, even though the cause was transferred to the law side of the court for that purpose. See Hart v. Kapnias, 157 Fla. 846, 27 So.2d 145; Hodges v. Logan, Fla.1955, 82 So.2d 885; Amatrudi v. Blake, Fla.App.1960, 117 So.2d 416.
Accordingly, appeal No. 60-127 is dismissed by this court sua sponte. The su-persedeas is granted in the interlocutory appeal No. 60-126, and further proceedings shall be in the latter appeal.
It is so ordered.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.