156 So.2d 208 (1963)
Leopold D. KINGDON and Alean G. Kingdon, his wife, Appellants,
v.
C.D. WALKER and Marion D. Walker, his wife, and J. Arthur Ford and Carol C. Ford, his wife, Appellees.
No. 3878.
District Court of Appeal of Florida. Second District.
August 14, 1963.
Rehearing Denied September 27, 1963.
*209 William S. Blalock of Maguire, Voorhis & Wells, Orlando, for appellants.
Egerton K. van den Berg of Anderson, Rush, Dean, Lowndes & van den Berg, Orlando, for appellees Walker.
WHITE, Judge.
Appellants, as plaintiffs below, sued for definement of a contractual easement. They petitioned for rehearing after the chancellor had heard testimony and denied declaratory relief while retaining jurisdiction for inquiry into damages. Rehearing was denied on stated grounds and the plaintiffs now challenge what they conceive to be the interlocutory rulings of the chancellor. Contending that appellate review could be had only on full appeal from the first order, which was designated partly "final", the defendants moved to strike plaintiffs' assignments of error and to dismiss the appeal on that and other grounds. These motions have been carefully considered and are denied. See Florida Sportservice, Inc. v. City of Miami, Fla.App. 1960, 118 So.2d 232; Blount v. Hansen, Fla.App. 1959, 116 So.2d 250; c/f Shannon v. Shannon, Fla.App. 1962, 136 So.2d 253, 255, 256.
The plaintiffs sought settlement of their right to conveyance of an easement pursuant to a recorded contract by which the *210 plaintiffs purchased certain land from defendants Walker. The pertinent provision of the contract is as follows:
"The following covenants by the sellers shall survive the closing of this transaction and delivery of the deed, and shall run with the above-described land:
"1. The sellers shall provide, within a reasonable time, a good roadway sufficient for automobiles as a means of ingress and egress from said land to Laurel Road, and shall convey to the buyer a permanent easement for said purpose and upon the land upon which said roadway is constructed, in common with the owners of other land adjoining said roadway." (emphasis added)
In January, 1953 plaintiffs closed the deal for the purchase of the land on which, in 1954, they built and moved into a $50,000.00 home. The easement contemplated by the contract was not included in the deed and the complaint alleged that the defendants have failed and refused to comply with plaintiffs' demands for a conveyance of such easement. The pleadings apparently included no affirmative defenses.
At the close of plaintiffs' testimony the chancellor granted defendants' motion to deny the principal relief sought, holding that the contract was not sufficiently definite for specific enforcement. The order also found the evidence insufficient to demonstrate the extent of damages prayed by way of alternative relief, but jurisdiction was retained to hear additional testimony with respect to plaintiffs' damages resulting from defendants' failure to perform.
It appears that for a considerable time prior to institution of suit two indirect routes of ingress and egress had been used permissively by the plaintiffs over land already owned by the defendants. These routes were discontinued for reasons unnecessary to this opinion. The defendants, however, constructed a roadway, route "C", which provided a direct route over and along the boundary of a tract of land acquired by the defendants subsequent to their contract with the plaintiffs. This route likewise has been used permissively by the plaintiffs. As to this last route the chancellor stated in his memorandum opinion:
"While defendant did acquire the property * * * there is a total absence of evidence that he agreed to do so. The court is not aware of any principle of law or rule of property to the effect that an agreement to grant an easement over land not owned or for the acquisition of which the grantor was not obligated by such agreement would be construed to include a grant over such after-acquired tract. * * *"
The plaintiffs submit that the foregoing comment indicates a misconception of plaintiffs' case and the rules applicable to it. They emphasize that the defendants were obligated to "convey" an easement; that the defendants own the land requisite for performance; that the defendants ultimately did construct a "roadway" and did in fact own the entire course thereof when plaintiffs filed their suit; and plaintiffs stress the point that the defendants covenanted to convey the easement "over and upon the land upon which said roadway is constructed", but that the covenant remains unperformed.
The defendants asserted, in response to a request for admission, that by letter to defendants' attorneys dated March 22, 1961 they offered an easement 16 feet wide. This, they say, was refused because plaintiffs wanted the easement to be wider and better paved. The plaintiffs concede that they protested the quality and width of the pavement but not the route. They submit that at most the defendants may have retained the right of location but that plaintiffs are entitled to declaratory relief in view of the disputes and the defendants' continued non-performance. They complain that as long as they have no legally *211 defined easement appurtenant to their costly property it is unmarketable, since the defendants may again reroute or obstruct any route that is merely permissive.
The parties thus became bogged in a conflict as to the proper means of effectuating plaintiffs' undisputed right, and we think it is a justiciable controversy that ought not to be left unsettled. The authorities strongly support the view that the problem should be resolved affirmatively through declaratory and equitable processes rather than by a possible award of damages which could not provide full, adequate and complete relief for either of the parties.
In the existent circumstances the selection of the route of the easement, or the confirmation of a proposed route, is within the authority of the chancellor. See 28 C.J.S. Easements § 83; 17-A Am.Jur., Easements, §§ 110, 122. As to the manner and description of the grant under which an easement is claimed  in this case the contract  generally all that is required is a description which identifies the area involved and reflects the intention of the parties. 17-A Am.Jur., Easements, § 29. It is not a case of making a different contract but of carrying out an intent already validly if broadly expressed. Where the precise location of the easement is the crux of the dispute, either party may procure a decree adjudging the right affirmatively and specifically, and this of necessity authorizes a determination of the width of the easement within the ambit of contractual intent. See Sunnybrook Groves, Inc. v. Hicks, Fla.App. 1959, 113 So.2d 239, 241; Kotick v. Durrant, 1940, 143 Fla. 386, 196 So. 802, 804; Davidson v. Ellis, 1908, 9 Cal. App. 145, 98 P. 254.
The evolution of the declaratory judgment illustrates how remedial law has been forced to expand in order to undergird substantive rights more effectively. It is said that the declaratory judgment or decree was adopted at least in part to "fill the gap" between law and equity, to simplify procedure and to give relief even where coercive avenues at law were available or where equity had failed to see and meet the need for judicial relief. See Borchard, Declaratory Judgments, 2nd Ed. p. 240. Generally the power has been exercised in equity, but whether exercised by courts of equity or of law it is largely equitable in nature, reserving the fullest liberty in moulding decrees to the necessities of the occasion regardless of the prayer. See Borchard, supra, p. 238; and the Florida Declaratory Judgments Act, Florida Statutes, Chapter 87, F.S.A.[1]
The declaratory judgment procedure is permissible if there is a real or justiciable controversy to activate the court's jurisdiction. Thus many disputes may be settled before any party is provoked to hostile action in reliance, perhaps mistakenly, on the validity of his position. This is a well-recognized advantage of the declaratory judgment. As stated by Borchard at page 562:
"The issues may also involve the respective rights and duties of the parties the existence or non-existence of easements, *212 the incidence of burdens, the exercise of privileges  all raised before irretrievable acts have been undertaken."
and at page 750:
"An excellent illustration of the efficacy of the declaratory action to settle disputed rights without stirring up violent hostilities lies in the field of easements and servitudes. With certain limited statutory exceptions, the present method of trying disputed claims to easements is for the claimant of the easement to endeavor to enjoin the owner of the land from interfering with his easement and in addition to sue for damages if he does interfere, * * Only then can a court determine whether in fact there existed a valid easement. * * * In the countries enjoying the benefits of declaratory procedure, such questions are generally tried by declaratory action. Thus the claimants to a right of way * * * have brought declaratory actions to confirm their claims." (emphasis added)
In the California case of Davidson v. Ellis, previously cited herein, it was held that equity could locate an agreed easement where the parties had failed to locate it after a reasonable time had elapsed. In 28 C.J.S. Easements § 83, also previously cited, the text sets out the following case-supported guides:
"Whether a way is created by express grant, or reservation, or by implication as a way of necessity, the location thereof may be determined by a court of equity, at the suit of the owner of either estate, in case the parties cannot agree on a location, and the right is clear. * * * Where the duty of selection devolves upon the court, the location as fixed must be reasonable; and the way should be located so as not to disturb the owner of the servient tenement more than the necessities of the case require."
The chancellor's memorandum opinion, quoted in part supra, indicates that the ruling below was influenced by the fact that route "C" was constructed on land which the defendants purchased after the execution of their contract to convey the easement. This circumstance does not justify rejection of plaintiffs' bid for declaratory relief, and such relief may be granted with respect to the after-acquired tract if the reasonable practicalities so require. There is no indication that this would do violence to the contract. Indeed the acquisition of the new tract, with the construction of the roadway accommodating route "C" presently in use, could be considered evidence of defendants' intent to carry out in that manner their promise to convey a "permanent easement" over a "good roadway."
Although this is not strictly a suit for specific performance, the proceedings are believed to be sufficiently analogous to allow parity application of the rule sometimes encountered in specific performance suits where the vendor has acquired title after execution of his contract to convey. The general rule is that a contract promising to convey in the future may be construed and enforced by a court of equity if the vendor holds title at the time of hearing. See 81 C.J.S. Specific Performance § 16, p. 442; Mazel v. McCurrach, Fla.App. 1959, 110 So.2d 696, 697; c/f Luette v. Bank of Italy Nat. Trust & Savings Ass'n., 1930, C.C.A. (9th Cir.), 42 F.2d 9, and cases therein cited. In Mazel v. McCurrach, supra, this court stated through Judge Kanner:
"* * * In equity a contract for the sale of lands will be enforced when it is apparent that the vendor is able to perform in a manner acceptable to the purchaser, where abatement of price is not demanded by the purchaser, although such performance may fail to be strictly full and complete as to the quality of title to be conveyed. Triplett v. Brevard Properties, 1927, 94 Fla. 869, 115 So. 534." (emphasis supplied)
*213 The construction of a deed for easement, or a contract as in this case, may be ruled by the principles outlined in Kotick v. Durrant, Fla. 1940, 143 Fla. 386, 196 So. 802, 804, 805. In that case the Supreme Court of Florida noted that the failure to define the boundary of a right of way in an instrument creating an easement does not render the instrument ineffectual since the grantee is entitled to a convenient and suitable way, depending upon the conditions and the purposes for which the easement was intended. The court observed that these determinations invoke consideration of the situation of the parties and the property, the circumstances at the time the instrument was executed, the practical construction of the instrument as evidenced by the conduct and admissions of the parties themselves, and by the "contemporary usage with respect to the subject granted."
In summary, the plaintiffs are entitled to a specific easement which the defendants are able to provide. There is a genuine dispute as to manner of performance, and these issues should be resolved affirmatively by judicial declaration. Since the contrary holding does not comport with the law as we see it, there is no alternative to a reversal for further proceedings. In so deciding, we recognize the continuing discretion of the chancellor to define the easement within the framework of the contract.
Reversed.
KANNER, Acting C.J., and SHANNON, J., concur.
NOTES
[1] § 87.01 "* * * The circuit courts * * * shall have the power * * * to declare rights, status and other equitable or legal relations whether or not further relief is or could be claimed or prayed. * * *"
§ 87.01(2) "* * * Any person seeking a declaratory decree, judgment or order may, in addition to praying for a circuit court declaration, also pray for additional, alternative, coercive, subsequent or supplemental relief in the same action."
§ 87.11 "This chapter is declared to be substantive and remedial; its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations; and is to be liberally administered and construed."
§ 87.12 "The existence of another adequate remedy shall not preclude a decree, judgment or order for declaratory relief. * * *" (emphasis supplied)