PER CURIAM.
In this declaratory judgment action plaintiff, Eleanor S. White, as Curator of the Estate of William O. White, sought a declaration of her rights to certain insurance proceeds paid by defendant, Aetna Life Insurance Company, to defendant,. Stella Hoffman. The trial judge entered a temporary injunction, without bond, enjoining Hoffman from “converting said insurance proceeds to her own use or in any way wasting, dissipating or otherwise giving same way pending Order of this Court.” Hoffman appeals and we reverse.
Our rules of civil procedure, F.R.C.P. 1.610(b), 31 F.S.A., permit the issuance of a temporary injunction without bond under certain conditions, viz.:
“ * * * When a temporary injunction is granted, the court shall require the party obtaining it to give bond conditioned for the payment of such costs and damages as may be incurred or suffered by any party who is wrongfully enjoined unless the court, after taking evidence from all parties of the truth of the complaint and the fact that the party seeking the temporary injunction is unable to give bond, finds such to be true, in which event a temporary injunction without bond may be granted. * * ”
The injunction order under review failed to make findings or reflect essential facts to qualify it under the rule. Likewise, the record is devoid of any showing to support issuance of the temporary injunction without bond. Santona-Nervia Corporation v. Publix Market, Inc., Fla.App.1962, 146 So.2d 394.
For these reasons, the order granting the temporary injunction is reversed and this cause is remanded with directions to the trial judge to vacate the order and to con *44 duct such proceedings as may be deemed appropriate to hear and determine whether a temporary injunction should be issued with or without bond in keeping with the views herein expressed.
Reversed and remanded with directions.
McCAIN and OWEN, JJ., and DRIVER, B. J., Associate Judge, concur.