HUBBART, Judge.
By this interlocutory appeal, we are called upon to review the propriety of a temporary injunction. We reverse the order granting the temporary injunction because same failed to provide for the posting of a bond. The law is clear that “[wjhen a temporary injunction is granted, the court shall require the party obtaining it to give bond conditioned for the payment of such costs and damages as may be incurred or suffered by any party who is wrongfully enjoined unless the court, after taking evidence from all the parties of the truth of the complaint and the fact that the party seeking the temporary injunction is unable to give bond, finds such to be true, in which event a temporary injunction without bond may be granted.” Fla.R.Civ.P. 1.610(b).
In the instant case, the trial court reserved ruling on the request for the posting of a bond should a temporary injunction issue. Thereafter, the trial court issued a temporary injunction without requiring the posting of a bond. No testimony was ever taken on the granting of a bond nor was any finding made that the party seeking the temporary injunction was unable to post bond. It is, therefore, clear that the entry of the temporary injunction without requiring the posting of a bond was reversible error which the appellants in no way waived. Hart v. Kapnias, 157 Fla. 846, 27 So.2d 145 (1946); Ginsberg v. City of Daytona Beach, 103 Fla. 168,137 So. 253 (1931); La Gran Familia, Inc., v. Cuba Pharmacy, Inc., 349 So.2d 769 (Fla. 3d DCA 1977); Leopold v. Richard Bertram & Co., 265 So.2d 710 (Fla. 3d DCA 1972); Hoffman v. White, 235 So.2d 43 (Fla. 4th DCA 1970). See also Metropolitan Dade County v. Polk Pools, Inc., 124 So.2d 737, 740-41 (Fla. 3d DCA 1960).
In view of our conclusion herein, it is unnecessary for us to reach any other issue raised by this appeal. The order granting the temporary injunction is reversed and the cause is remanded with directions to the trial court to vacate the said order and to conduct such proceedings as may be deemed appropriate to hear and determine whether a temporary injunction should be issued with or without a bond in keeping with the views herein expressed. Hoffman v. White, 235 So.2d 43 (Fla. 4th DCA 1970).
Reversed and remanded.