413 So.2d 857 (1982)
Frank GLUSMAN and Harold Gordon, Petitioners,
v.
Philip T. WARREN, Individually; Philip T. Warren, As Trustee; Sherwin Ross and Irwin Adler, Individually; and Philip T. Warren, Sherwin Ross and Irwin Adler D/B/a Boca Raton Properties, a Florida Partnership, Respondents.
No. 82-84.
District Court of Appeal of Florida, Fourth District.
May 12, 1982.
Wesley A. Lauer of Guren, Merritt, Fischer, Udell, Lasky, Sogg & Cohen, Miami, and Robert M. Montgomery, Jr., of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for petitioners.
Richard L. Lapidus of Lapidus & Stettin, P.A., Miami, for respondents.
DELL, Judge.
Petitioners Frank Glusman and Howard Gordon bring this petition pursuant to Florida Rule of Appellate Procedure 9.100 to review a non-final order requiring them to post a $7,000,000 bond as a condition to continuing a notice of lis pendens.
On January 5, 1982, petitioners filed a complaint for breach of fiduciary duty, partition, declaratory judgment and other equitable relief against respondents and recorded a lis pendens. The complaint alleged an oral agreement to form a partnership to acquire and develop land in Palm Beach County and that the respondent Philip T. Warren took title to property as trustee for petitioner Glusman under an agreement signed by Warren and Glusman. The signed agreement, however, stated that Glusman was to have no equitable interest in the property.
Respondents moved for an emergency hearing on their motion to either dissolve *858 the lis pendens or require the petitioners to post a $7,000,000 bond, contending that the property would be lost to foreclosure if a proposed sale for $7,000,000 could not be closed due to the recorded lis pendens. Respondents argued and the trial court found that the complaint was not based on a duly recorded instrument and required a bond. Counsel for the petitioners had less than 24 hours notice of this hearing. The trial court took no evidence as to the amount and terms of a reasonable bond and accepted respondents' argument that the amount of the bond should equal $7,000,000 to be posted by 4:00 P.M. of the next business day.
The petitioners contend that the trial court departed from the essential requirements of the law in two respects. First, that the complaint was based on a duly recorded instrument so that the trial court lacked the power to impose a bond under Section 48.23(3), Florida Statutes (1979), and second, that the trial court should have taken evidence on the issue of the amount and terms of an indemnity bond sufficient to protect the respondents from a wrongful continuation of the lis pendens.
The trial court properly found the complaint was not based on a duly recorded instrument. Although at the hearing the petitioners presented a recorded deed conveying the real property to respondent Warren as trustee, that deed had not been attached to the complaint nor made part thereof by reference. Had the deed been attached to the complaint or adequately identified in the complaint a serious question would remain as to whether it would furnish an adequate basis for a lis pendens without bond. Since the grantee was named as trustee without identification of the beneficiaries or the nature and purposes of the trust and no trust agreement of record was identified, the grantee received fee simple title. § 689.07(1), Fla. Stat. (1979). If a complaint is not based on a duly recorded instrument or mechanic's lien and irreparable damage would result if a bond were not required, a bond is mandatory even if the bond could not be posted. Cam Corporation of Broward v. Goldberger, 368 So.2d 56 (Fla. 4th DCA 1979). Petitioners' first point is without merit.
Petitioners' second condition has merit and this cause must be remanded for a hearing on respondents' actual damages and costs. The trial court set the $7,000,000 bond as a condition on the continuation of the lis pendens without taking any evidence. Such a bond must be set in accordance with Florida Rule of Civil Procedure 1.610(c) on injunction bonds, Kirk v. Baumann, 336 So.2d 125 (Fla.2d DCA 1976), and an injunction bond must be sufficient to cover the actual costs and damages the enjoined party may suffer. Lewis v. Lewis, 66 So.2d 260, 263 (Fla. 1953). The petitioners in this case did not have adequate notice to present evidence on the amount and terms of a reasonable bond. While the trial court may have been correct in setting a $7,000,000 bond after taking evidence on this issue, setting this bond without any evidentiary basis was a departure from the essential requirements of the law and must be corrected by another hearing on this issue.
The petition for certiorari is granted and that part of the order conditioning the continuation of the lis pendens on a $7,000,000 bond is vacated. This cause is remanded for an evidentiary hearing on the amount and terms of an indemnity bond sufficient to protect the respondents from damages and costs if the lis pendens is found to have been wrongfully continued.
CERTIORARI GRANTED AND REMANDED WITH INSTRUCTIONS.
ANSTEAD and HERSEY, JJ., concur.