RYDER, Chief Judge.
On May 9, 1984, the plaintiff/petitioner, Andre Pirio Associates, Inc., filed a complaint seeking specific performance of a real estate contract or, in the alternative, damages. On that same day, the petitioner filed a notice of lis pendens. On June 8, *1185 1984, the defendant/respondent filed a motion to strike the lis pendens and a motion to require the posting of bond, together with a notice to set the hearing for these motions on June 13, 1984. Also on June 8, counsel for petitioner immediately advised counsel for respondent that the hearing date conflicted with an important deposition which had been scheduled for two months and a previously scheduled hearing on another case. Counsel for respondent refused to reschedule the hearing. Counsel for petitioner filed a motion for continuance of the hearing on the motions, but was unable to obtain a hearing time for consideration of this motion prior to June 13, 1984. On that date, counsel for petitioner sent another attorney who had limited familiarity with the case to argue the motion for continuance, the motion to strike lis pendens, and the motion to require the posting of bond. The hearing had been noticed for a duration of thirty minutes.
At the June 13 hearing, the petitioner’s counsel argued several times that before being required to post bond, there must be a full evidentiary hearing as to the measure of damages and that five days notice was insufficient time to prepare for such a hearing. The judge initially agreed that the bond question was a matter to be resolved at an evidentiary hearing. However, the judge then ruled that the motion for continuance would be denied unless the petitioner was able to schedule, before another judge, a full evidentiary hearing on the question of bond prior to 11:00 a.m. on June 19, 1984. June 19 was the date on which the respondent was schéduled to close on the sale of the contested property with another buyer. The court also ruled that unless an evidentiary hearing was held before June 19, or unless the petitioner posted a $200,000.00 bond before 11:00 a.m. on that date, that the petitioner’s notice of lis pendens would be stricken.
Once again, petitioner’s counsel objected to the court setting a bond without a full evidentiary hearing. The court then took testimony from another attorney for respondent who allegedly was familiar with the facts and circumstances regarding the contested piece of property. The attorney testified that a valid contract had been entered into with another buyer, that the contract was scheduled to close on June 19, and that the financial terms of the contract were identical to the contract which respondent had entered into with the petitioner. The contract upon which the June 19 closing was scheduled to take place was entered into evidence. Petitioner’s counsel objected that this was the first time he had seen the contract and that he had not been able to prepare any testimony or evidence in response to it. Petitioner’s counsel then declined to cross-examine the respondent’s attorney for that reason and reasserted the objection that the court had not had sufficient evidentiary testimony presented to it to enable it to set and order the posting of the $200,000.00 bond.
The written order containing the judge’s rulings was entered on June 15, 1984. Petitioner’s counsel was unable to obtain a time for a full evidentiary hearing on the amount of bond before June 19. However, on June 15, petitioner was able to obtain an emergency hearing on a motion to stay pending review of the June 15 order. After that hearing, the judge entered a verbal ruling which stayed the order pending review upon the filing of a petition for a writ of certiorari in the Second District Court of Appeal. His order also required the posting of a $10,000.00 bond before June 19, 1984.
The petition for the issuance of a writ of certiorari was filed with this court on June 19. In it, petitioner asks this court to quash the order of the lower court which required the posting of $200,000.00 bond before June 19 or the discharge of the notice of lis pendens. Petitioner also requests that we remand the matter to the trial court with instructions to hold a full evidentiary hearing to determine the proper amount and conditions of the bond and to maintain the notice of lis pendens.
Petitioner’s counsel argues that they repeatedly objected to the setting of bond *1186 without any testimony to ascertain what damages respondent might suffer if the lis pendens were maintained. Despite the objections, the court announced its ruling as to the amount of bond. The court below agreed to take some testimony only after his decision to set bond. That testimony was quite limited and was taken from only one witness who was, in fact, an attorney who represented the respondent in connection with the proposed sale of the contested property. Petitioner argues that nothing elicited during that testimony or found in the sales contract for the contested property forms a sufficient evidentiary basis for setting a bond in the amount of $200,-000.00.
Petitioner acknowledges that the trial court has discretion to set a bond as a condition to the continuance of a notice of lis pendens. However, they argue that the setting of bond without any evidentiary basis departs from the essential requirements of the law and requires reversal, directing our attention to Glusman v. Warren, 413 So.2d 857 (Fla. 4th DCA 1982). In that case, the petitioners filed a complaint alleging an equitable interest in property and filed a notice of lis pendens. The respondents moved for an emergency hearing to dissolve the lis pendens and require the posting of seven million dollars bond. Within twenty-four hours of the notice to the petitioners of the hearing, the court set the requested bond without taking any evidence as to the amount and terms of a reasonable bond. The Fourth District granted the petition and held that even though the trial court may have been correct in setting the bond in the amount of seven million dollars, the setting of the bond without an evidentiary basis was a departure from the essential requirements of the law and must be remanded for another hearing. Petitioner argues that the facts and the procedural path of this case mirror that found in Glusman.
In the response to the petition for writ of certiorari, respondent argues that petitioner had five days notice prior to the June 13 hearing, that petitioner’s counsel appeared at the hearing but failed to present any witnesses, and that petitioner has yet failed to rebut the testimony given by an attorney for respondent during said hearing. The respondent agrees that the Glusman case is controlling, and that under Glus-man the setting of bond without an eviden-tiary hearing is improper. However, respondent argues that the hearing which took place on June 13 was an evidentiary hearing at which the petitioner had a reasonable opportunity to present testimony but failed to do so. Further, respondent argues that petitioner had the time and the opportunity to present witnesses at the June 15 emergency hearing on the motion to stay but also failed to do so. Respondent contends that Glusman is distinguished from the instant ease because the petitioners in Glusman had less than twenty-four hours’ notice of the hearing on bond. In this case, the petitioner had nineteen days from the time he first received notice of the motion to set bond and the motion to strike the lis pendens, but has failed to produce any witnesses. Additionally, evidentiary testimony was given by the attorney for the respondent during the June 13 hearing.
As a second ground upon which to vacate the trial court’s order, petitioner argues that the order is fatally defective because it does not specify who is to be the obligee, whether a surety is required, whether the bond needs to be approved, and what are the terms and conditions for payment. Belks Department Store, Miami, Inc. v. Scherman, 117 So.2d 845 (Fla. 3d DCA 1960).
Respondent replies that in Central Theatres, Inc. v. State ex rel. Braren, 161 So.2d 558 (Fla. 2d DCA 1964), this court cited a portion of Belks which set forth the ground rules which limit a court’s discretion:
A party seeking and obtaining a restraining order or other form of injunction ... must ... be required to file a bond, with good and sufficient surety, to be approved by the court or clerk of the court, payable to the opposing party or parties, in the principal amount fixed by the *1187 court, and conditioned as required by law.
Belks at 848; Central Theatres at 562. Respondent argues that because there are only two parties in this case, there can be no dispute as to who the obligee is under the bond. They further argue that since the trial court ordered that the bond be posted with the clerk of the circuit court in Sarasota County in the amount of $200,-000.00 and that the bond be posted on or before June 19, the order setting bond was sufficient.
The ruling of the trial court that a $200,-000.00 bond must be posted to maintain the lis pendens if the petitioner failed to obtain a full evidentiary hearing before June 19 was based on inadequate evidence. The trial court announced its decision before any testimony whatsoever was taken. Although the court then took testimony from the attorney for the respondent, that evidence was insufficient to provide an eviden-tiary basis for setting a $200,000.00 bond. Setting a bond in an obviously speculative manner such as this is an abuse of discretion and error. The court below departed from the essential requirements of the law, Glusman.
The petition for certiorari is granted, the writ is issued, and the trial court’s order is set aside. The case is remanded for a full evidentiary hearing and other proceedings consistent with this opinion.
REVERSED and REMANDED with instructions.
BOARDMAN and DANAHY, JJ., concur.